MATTHEW FITZSIMMONS v. THE MILWAUKEE, LAKE SHORE
& WESTERN RAILWAY COMPANY.

| 98 | 257 |
| 138 | ²592 |

*Railroad companies—Injury to passenger—Liability for negligence of engineer—Practice in Supreme Court.*

1. An order overruling a demurrer to a declaration is not reviewable until it has been followed by final judgment.

2. The question presented by the demurrer in this case being one which might have been raised upon the trial, and the counsel for both parties having presented full briefs, the Court have thought best to pass upon the merits of the case.

3. A railroad engineer who, in violation of the rules and regulations of the company, and without an order from the train dispatcher, attempts to run his engine from one station to another, and comes into collision with a train belonging to the same company, is still in the line of his employment, and the company is liable for the consequent injury to a passenger upon the train.

Error to Gogebic. (Haire, J.) Submitted on briefs December 14, 1893. Decided December 22, 1893.

Negligence case. Defendant brings error. Order overruling demurrer affirmed. The facts are stated in the opinion.

*M. M. Riley (Alfred L. Cary* and *Bradley G. Schley,* of counsel), for appellant.

*M. H. Crocker (John D. Conely,* of counsel), for plaintiff.

MONTGOMERY, J. Plaintiff brought an action for an injury sustained, while a passenger on one of defendant's trains of cars, by a collision between the train upon which he was a passenger and another engine, in charge of an engineer in the defendant's employ. The declaration alleges, in substance, that the engineer in charge of this wild

98 MICH.—17.

engine, No. 48, "knew, or ought to have known, that he did not have time to reach Ramsey before said passenger train would pull out of Ramsey, going east, and that said engineer of said locomotive No. 48 attempted to make said run west to Ramsey without any order or permission from the proper officer of said defendant, and in violation of the rules and regulations of said company in regard to the running of trains upon said road; that, by the rules and regulations of said company, it was forbidden that any engineer or conductor should run his train or engine upon the time of any other train, and it was also forbidden that such engineer or conductor should run his engine or train from one station to another, or from any point upon the line to another point upon the line, without permission or order from an officer of said company, called a 'train dispatcher;' that said collision was caused by the negligence, carelessness, and imprudence of said engineer of said locomotive No. 48, and by his said disregard and disobedience of said rules and regulations of defendant, and by said defendant not having and providing a conductor for said locomotive No. 48."

The defendant demurred to this declaration, and its counsel state in their brief that there is not only no allegation of negligence on the part of defendant, but an affirmative allegation that the act causing the injury complained of was the act of the engineer alone, which the defendant could not possibly prevent, and which it had taken every possible precaution to provide against; and it is urged that while it may be conceded to be the general rule that a master is liable to a third person for the negligent acts or willful misconduct of the servant within the scope of his employment, and in doing that which is for the master's interest, this rule does not go to the extent of holding the master liable where the act is that of the servant alone, and is outside of his duty, and is in dis-

obedience of the express orders of the master, and is not done in the master's interest;[1] and it is further urged that the allegations show affirmatively that the act causing the injury complained of was the act of the engineer alone, in disregard of his duty, without any order or permission from the proper officer of the defendant, and in violation of its rules and regulations in regard to the running of trains.

If it is true that the act in question is to be held the act of the engineer alone, and not one in the interest of the defendant, but to effect some purpose of the engineer in disregard of his duty, it was exceedingly unfortunate for the plaintiff that the engineer should have selected a track of defendant's road over which another servant of defendant was driving an engine which propelled the car in which plaintiff was seated. We think it, however, a more reasonable rule to hold that the engineer was still in the line of his employment, although conducting the business of his master in a manner not authorized by the rules of the company. The case is too plain to call for extended discussion. The principles involved are somewhat discussed in the cases of *Smith v. Webster,* 23 Mich. 298; *Cleveland v. Newsom,* 45 Id. 62; *Chicago & N. W. Ry. Co. v. Bayfield,* 37 Id. 213; *Goddard v. Railway Co.,* 57 Me. 213. See, also, 2 Ror. R. R. 820.

As the question is one which might have been raised upon the trial, and as counsel on both sides have presented us full briefs, we have thought best to pass upon the merits of the case. It is proper to say, however, that the order appealed from is not reviewable, and would not, under other conditions, be considered until it had been followed by a final judgment.

The order will be affirmed, with costs.

The other Justices concurred.

---

[1] Counsel cited in support of this contention, Whart. Neg. §§ 168, 171; *Tuller v. Voght,* 13 Ill. 285; *McManus v. Crickett,* 1 East, 106; *Johnson v. Barber,* 5 Gil. 425.