ALOIS WEBER, SENIOR, V. CHARLES H. LOCKMAN ET AL.

FILED NOVEMBER 19, 1902.   No. 12,168.

Commissioner's opinion, Department No. 3.

**Master and Servant:** NEGLIGENCE: DAMAGES: ACT OF SERVANT: KNOWLEDGE OF MASTER: WISHES OF MASTER. A master may be liable in damages caused by negligence committed by his servant, while in the course of his employment, although the latter may be at the time acting without the knowledge or contrary to the known wishes of the former.

ERROR from the district court for Cedar county. Action against master and servant for personal trespass. Tried below before GRAVES, J. Judgment for plaintiff, and defendant Alois Weber, Sr., brings error. *Affirmed.*

*James C. Robinson,* for plaintiff in error:

If the act is done while the servant is at liberty from his service, and pursuing his own ends exclusively, there can be no question of the master's freedom from all responsibility, even though the injury complained of could not have been committed without the facilities afforded to the servant by his relation to his master. Shearman & Redfield, Neligence [5th ed.], sec. 147; Schouler, Domestic Relations [4th ed.], sec. 491, and cases cited; *Davis v. Houghtellin,* 33 Nebr., 582, and authorities cited; *Western Union Telegraph Co. v. Mullins,* 44 Nebr., 732; *Little M. R. Co. v. Wetmore,* 19 Ohio St., 110; *Morier v. St. Paul, M. & M. R. Co.,* 31 Minn., 351; *Johanson v. Pioneer Fuel Co.,* 72 Minn., 405, 75 N. W. Rep., 719; *Keating v. Michigan C. R. Co.,* 97 Mich., 154; *Reaume v. Newcomb,* 82 N. W. Rep. [Mich.], 806; *Schulwitz v. Delta Lumber Co.,* 85 N. W. Rep. [Mich.], 1075; *Golden v. Newbrand,* 52 Ia., 59; *Dolan v. Hubinger,* 109 Ia., 408, 80 N. W. Rep., 514; *Winkler v. Fisher,* 70 N. W. Rep. [Wis.], 477.

*R. J. Millard* and *Cassius H. Whitney,* for defendant in error Charles H. Lockman.

*Benjamin M. Weed,* for defendant in error Alois Weber, Jr.

AMES, C.

This is a proceeding in error to review a judgment in an action for damages for personal injuries. The facts out of which the cause of action arose are substantially undisputed, and are these: The plaintiff in error, Alois Weber, Sr., was living upon and cultivating a farm upon which there was a herd of cattle belonging to him. As a part of the business thus being carried on, it was necessary, or desired, to drive the cattle to a place some five or six miles from home, and put them in a pasture there. There were employed upon the farm, besides the plaintiff in error, his son Alois, Jr., and a hired servant named Schweimer. At the breakfast table on a Sunday morning, it was proposed to drive the animals to pasture on that day, so as to avoid interruption of work during the coming week, but the elder Weber objected to this course, solely on account of the character of the day. There was no further discussion of the matter until about two o'clock in the afternoon, when Alois, Jr., and Schweimer mounted some horses, and turning the cattle into the public highway, drove them to the designated place of destination. Weber, Sr., was at or shortly before this time in his house, asleep, and did not know of the conduct of the young men until after they had departed from the premises with the cattle. After the animals had been turned into the pasture, Alois, Jr., abandoned the direct road home, and made a detour of about a mile for the purpose of seeing and visiting with some young men of his acquaintance. Owing to the delay thus occasioned, he did not resume his journey homeward until nightfall, when he did so accompanied by another young man, also on horseback. When he was within a mile and a

half or two miles from home, and apparently upon the direct road thither, he had been overtaken by darkness, and both horses having become unmanageable from fright or some other cause, ran rapidly along the road and down a hillside near the residence of the defendant in error, whom they encountered in the highway, and whom the horse ridden by Alois ran over, causing the injuries on account of which the judgment was recovered. The court left it to the jury to say—First, whether the accident was attributable solely to the negligence of Alois; and second, whether, if so, such negligence should be imputed to the plaintiff in error as a master in the course of whose service it occurred. The first question was one peculiarly within the province of the jury and will not be further considered. The correct answer to the second question is, we think, not difficult. The purpose of the elder Weber to have the cattle driven to the pasture as a part of the business he was carrying on, is not in dispute. The only objection he made was as to the time when they should be driven, but he does not appear to have positively forbidden it to be done on the day mentioned. Even if he had done so, he would not thus have deprived the act of its character of having been done in his service. Disobedience in this regard would not have been different, as respects its effect upon his liability, than would disobedience to his directions as to the manner of driving the animals, or the route to be taken. Such disobedience is universally held not to excuse a master from responsibility for the negligence of his servants. *Cosgrove v. Ogden,*\* 10 Am. Rep. [N. Y.], 361; *Ellegard v. Ackland,* 45 N. W. Rep. [Minn.], 715; *Fitzsimmons v. Milwaukee, L. S. & W. R. Co.*† 57 N. W. Rep. [Mich.], 127; *Cleveland v. Newsom,*‡ 7 N. W. Rep. [Mich.[, 222. The same principle applies to what occurred after the delivery of the cattle at

---

\* 49 N. Y., 255. In this case it was held that a parent's permission to a six-year-old child to go upon a quiet street where few vehicles passed, was not ipso-facto negligence, but a question for the jury. —W. F. B.

† 98 Mich., 257. Case of engineer running train **without orders of** train-dispatcher.—W. F. B.

‡ 45 Mich., 62.

the pasture. The boy was a minor, riding his father's horse. It was his duty, after having executed his mission, to return the animal to his father's stables. Whatever negligence there was in departing from the direct route, or in delaying his return until after nightfall, or in the management of the horse at the time of the accident, was committed in the performance of this duty and service. And besides, it does not appear that his departure from the direct route was in itself negligent, or that his visit to the young people in any way contributed to an accident which did not occur until after the visit had ended and he had resumed his homeward journey, and thus returned to the strict line of his employment. If the fact of delay until after nightfall contributed to the mishap, it was that mere fact, and not the occasion for it, which did so. If it was negligent for the boy to ride after dark, it is immaterial what induced him to incur the risk. We are satisfied that the answer given by the jury to this question is the only one which the evidence in the record is capable of supporting. The conclusion thus reached renders unnecessary the consideration of assignments of error in the giving and refusal of instructions. The question of negligence was rightly left to the jury, and the inference that it occurred in the service of the plaintiff in error, is inevitable.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.