## FRED W. THOMAS v. THOMAS L. ARMITAGE.[1]

June 10, 1910.

Nos. 16,669—(161).

**Negligence of drivers — charge to jury — liability of masters.**

In this, an action to recover damages for loss of the use of certain vehicles
which were damaged as a result of a collision between appellant's automobile
and respondent's team and buggy, *held:*

1. The court correctly charged the jury that appellant was responsible
for the conduct of his driver, and that the owner of the vehicles was entitled
to recover, if those in charge of the team were in the exercise of due care,
and if the driver of the automobile was negligent.

2. The evidence was sufficient to go to the jury upon the question of
negligence of both drivers, and the evidence supports the verdict.

Action in the district court for Mille Lacs county to recover $375
damages for injuries to plaintiff's team and two buggies caused by a
collision with an automobile. The amended answer alleged that
the accident was caused by the negligence of plaintiff's servant in
seeking to deprive defendant's servant of his right of way, by whip-
ping up and increasing the speed of plaintiff's team, for the pur-

[1] Reported in 126 N. W. 735.

[Note] As to negligence in operation of automobile and contributory negligence
of other party, see note to Christy v. Elliott (Ill.) 1 L. R. A. (N. S.) 215; note
to McIntyre v. Orner (Ind.) 4 L. R. A. (N. S.) 1130; Mahoney v. Maxfield
(Minn.) 14 L. R. A. (N. S.) 251.

pose of passing in front of the automobile and thereby directly, by the gross carelessness of plaintiff's servant, causing the collision complained of. For a counterclaim defendant alleged that his automobile was damaged in the sum of $100; that, in order to secure an amicable settlement, defendant had tendered to plaintiff and plaintiff had accepted the sum of $45 which had never been returned, and he demanded judgment for $145. The reply admitted that plaintiff's vehicles had been repaired and returned to him after being repaired by defendant. The case was tried before McClenahan, J., and a jury which returned a verdict in favor of plaintiff for $100. From the judgment entered thereon, defendant appealed. Affirmed.

*Frank T. White,* for appellant.

*Olin C. Myron,* for respondent.

LEWIS, J.

Appellant's automobile, while driven by his employee, came in contact with a buggy drawn by a team of horses driven by an employee of respondent. The collision occurred in a public street in Princeton, and resulted in damaging the buggy and frightening the team, which broke away, and ran down the street, and damaged another of respondent's vehicles, standing in front of his barn.

1. The court correctly instructed the jury that appellant was responsible for the conduct of the driver of the automobile, if he was guilty of negligence. Appellant had been driving the machine, and when he reached his place of business, stepped out, whereupon his employee, with appellant's permission, attempted to turn the machine around, when the collision occurred. The driver was not acting independently, but was serving his employer, and was within the scope of his employment.

2. The court charged the jury that it made no difference that the young men who were driving the team were not acting for respondent, and that the owner of the buggies was entitled to recover, provided those in charge of the team were not guilty of negligence and the driver of the automobile was negligent. We think the charge correct. Although those in charge of the team were not at that par-

ticular time acting within the scope of their employment, yet if they were in the exercise of due care, and the vehicles were damaged by reason of the negligence of appellant's employee, then the owner was entitled to recover.

The question by respondent's counsel to the witness Walker, as to whether appellant's servant blew the horn on his approach, was objected to as incompetent, irrelevant, and immaterial, and answered in the negative. The driver of the team admitted that he saw the automobile, and, consequently, whether the horn was blown was a matter of no importance, and we are unable to discover how appellant was prejudiced.

3. The evidence was sufficient to go to the jury upon the question of negligence on the part of both drivers, and the verdict is supported by the evidence.

Affirmed.