LEFFONIER *v.* DETROIT & MACKINAC RAILWAY CO.

1. FIRE—NEGLIGENCE—RAILROADS—QUESTION OF FACT.

> In an action for negligently permitting fire to escape from defendant's premises upon plaintiff's farm in dry weather, destroying his property, plaintiff was entitled to take the verdict of the jury under evidence tending to show that a witness saw defendant's employés burning ties and refuse on its property, just before the 1st or 2d of August, and the plaintiff's property was destroyed when he next went by that way, a few days subsequently; and whether or not the witness was mistaken in the dates was a question of fact, where it appeared that the fire occurred on July 27th.

2. PRINCIPAL AND AGENT—MASTER AND SERVANT—FIRE.

> Sectionmen of a railroad company, who set fires in the course of their employment, in violation of the orders of the employer, and negligently permit fire to escape onto premises of another, render the company liable for their act.[1]

Error to Alpena; Emerick, J.  Submitted November 29, 1910.  (Docket No. 82.)  Decided December 7, 1910.

Case by Joseph Leffonier against the Detroit & Mackinac Railway Company for the negligent setting of fires. Judgment for plaintiff. Defendant brings error. Affirmed.

*Charles R. Henry* and *Guy D. V. Henry*, for appellant.

*Joseph H. Cobb* and *Fred P. Smith*, for appellee.

BROOKE, J.  Plaintiff brings this action to recover the value of certain property destroyed by fire. It is his claim that defendant's sectionmen negligently set fire to a pile of old ties and rubbish upon the railroad right of way

---

[1] As to liability of railroad company for setting fires which spread to property of others, see note to *Brown* v. *Brooks* (Wis.), 21 L. R. A. 262.

during the dry season of the summer of 1907; that the fire was negligently permitted to escape from the premises of the defendant, and, after crossing an intervening farm, it came upon the premises of plaintiff, destroying his property.

Testimony was introduced tending (though not clearly) to show that plaintiff's property was destroyed July 27, 1907. The only testimony introduced by plaintiff having a tendency to prove that the fire which caused plaintiff's loss originated upon defendant's right of way was given by one Mainville, supervisor of the township of Alpena. He testified that on one occasion he had seen men upon defendant's right of way, in the vicinity of plaintiff's farm, clearing up and burning old ties and refuse, that he remonstrated with the men, telling them that they were liable to be prosecuted for setting fires at that time of year. When asked to fix the date of this occurrence, he testified:

"Well, it must be in the early part of August, for I had to make a report to the State warden, fire warden, and I went down there with that report, for the July report. I made it the first couple of days in August. * * *

"Q. Were you by Mr. Leffonier's place a few days after that?

"A. Yes; I was.

"Q. State whether or not at that time the buildings on his place were burned?

"A. When I went by they were burned; yes."

On cross-examination, this witness testified:

"Q. How long was it after that you went by the Hamilton house?

"A. I can't tell exactly, a couple of days, about.

"Q. Could you tell how recently the Leffonier house had been burned?

"A. Well, there was some— There was smoke there yet; it was still burning. There was smoke in some of the logs there, some in the stumps. I have been to the Leffonier place. I was past there before the fire."

This witness also testified to the spreading of the fire.

After verdict for plaintiff, a motion was made for a new trial upon the ground, among others, that inasmuch as by affidavits in support of the motion it clearly appeared that plaintiff's property was destroyed on the night of July 27th, and Mainville fixed the date of his conversation with defendant's sectionmen on August 1st or 2d, it was evident that the fire he testified about could not have caused plaintiff's injury. The motion was denied by the learned circuit judge, upon the ground that the other testimony given by Mainville made it clear that plaintiff's house was destroyed after his conversation with the sectionmen, and that therefore he was mistaken in fixing the date. We think this ruling correct. As pointed out by the trial judge, this discrepancy was urged upon the jury by defendant's counsel at the trial, and was doubtless given due consideration.

Upon the trial, defendant gave evidence tending to show that it had given positive orders to its employés to set no fires upon its right of way during the dry season. Assuming the truth of this testimony (and it need not be questioned), it was claimed by defendant in the court below, and it is urged here, that defendant was entitled to have a verdict directed in its favor, for the reason that, even if the fires were set by the sectionmen, they were set without authority, and therefore the defendant would not be liable. This view is not supported by authority in Michigan. If the sectionmen, in direct violation of the orders of defendant, set the fires in the course of their employment in clearing up defendant's right of way, defendant would still be liable. *Fitzsimmons* v. *Railway Co.*, 98 Mich. 257 (57 N. W. 127). See, also, *Cosgrove* v. *Ogden*, 49 N. Y. 255 (10 Am. Rep. 361); *Ellegard* v. *Ackland*, 43 Minn. 352 (45 N. W. 715).

Other errors are assigned which require no discussion. The judgment is affirmed.

Ostrander, Hooker, Moore, and McAlvay, JJ., concurred.