## GEORGE KUEHMICHEL v. WESTERN UNION TELEGRAPH COMPANY.[1]

February 27, 1914.

Nos. 18,386—(247).

**Liability of master for injury caused by servant.**

Defendant telegraph company employed a messenger during certain hours of the day and from seven to eight o'clock in the evening. One .afternoon he was told "there might not be anything after supper and so you stay by the 'phone and if we want you we will call you." At 7:15 he was called by the night operator and informed that there was a message for him to deliver. He responded. While riding to the office on a bicycle he negligently injured plaintiff. The bicycle was his own. He was not ordered to buy it or to use it, but he did use it in the business of the telegraph company with its knowledge and assent. *Held*, he was in the service of the telegraph company at the time, and that defendant is liable under the rule of law that the master is responsible for the torts of his servant, done in the course of his employment, with a view to the furtherance of his master's business, and not for a purpose personal to himself. The fact that he was told upon his arrival at the office that there was no message for him to deliver, but that he was wanted to relieve the night operator, did not take the case outside of this rule.

Action in the district court for Crow Wing county against Western Union Telegraph Co. and Charles E. Geminder to recover $40,000 for personal injury received from defendant company's messenger while in its employ. The case was tried before McClena-

[1] Reported in 145 N. W. 788.

Note. — The question of the liability of a master for injury from the sportive manner in which a servant performs an act done in the discharge of his duty is treated in a note in 13 L.R.A.(N.S.) 1193. And upon the liability of a master for injury done by servant to third person in use of dangerous agency placed in his custody, see note in 10 L.R.A.(N.S.) 367. And for the master's liability for tort committed by servant in course of his employment and with a view to the furtherance of his master's business, but contrary to the master's express instructions, see note in 18 L.R.A.(N.S.) 416.

han, J., who at the close of plaintiff's case denied defendant's motion to dismiss the action, and at the close of the testimony defendant's request for an instructed verdict, and a jury which returned a verdict of $15,000 in favor of plaintiff. From an order denying defendant company's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

C. M. Ferguson and George H. Fearons, for appellant.

Alderman & Clark and Larrabee & Davies, for respondent.

HALLAM, J.

Defendant Geminder, riding a bicycle in the evening, negligently injured plaintiff. Geminder was employed by defendant telegraph company as a messenger. His hours of employment were in the forenoon from 8 to 12, in the afternoon from 1 to 6 and from 7 to 8. He was subject to the orders of the local manager, Mr. Craig, and the night operator, Mr. Swanson. He lived with his parents, about seven blocks from the telegraph office. In April, 1912, he bought a bicycle mainly for his own purposes, but used it with the assent of the company in performing his duties as messenger. On the afternoon of November 30, Mr. Craig said to him, "there might not be anything after supper, and so you stay by the 'phone and if we want you we will call you; you won't need to come down tonight unless we do." He followed these instructions. At about 7:15 Swanson called him by telephone and said: "Come down right away, we have a message for you to deliver." He took his bicycle and started for the office. While on the way he negligently collided with plaintiff. When he arrived at the office, Swanson said to him: "There isn't any message to deliver. I just wanted you to take my place this evening." The court submitted the case to the jury. Plaintiff had a verdict for $15,000.

Just one question is raised on this appeal, that is, must the defendant telegraph company respond for the negligence of Geminder while going on a bicycle from his home to the office of the telegraph company under the circumstances above described. We find no reported case like this in all its facts, but on principle we are of opinion that the plaintiff is entitled to recover.

The general rule in tort actions is, that the master is responsible for the torts of his servant, done in the course of his employment, with a view to the furtherance of his master's business and not for a purpose personal to himself. Smith v. Munch, 65 Minn. 256, 68 N. W. 19; Barrett v. Minneapolis, St. Paul & S. S. M. Ry. Co. 106 Minn. 51, 117 N. W. 1047, 18 L.R.A.(N.S.) 416, 130 Am. St. 585; Sina v. Carlson, 120 Minn. 283, 139 N. W. 601. So long as one stands in the relation of principal or master to the wrongdoer, he is responsible for the wrongdoer's acts. New Orleans, M. & C. R. Co. v. Hanning, 15 Wall. 649, 657, 21 L. ed. 220. "In determining whether a particular act is done in the course of the servant's employment, it is proper first to inquire whether the servant was *at the time* engaged in serving his master. If the act be done while the servant is at liberty from the service, and pursuing his own ends exclusively, the master is not responsible. If the servant was, at the time when the injury was inflicted, acting for himself, and as his own master, *pro tempore,* the master is not liable." Morier v. St. Paul, M. & M. Ry. Co. 31 Minn. 351, 17 N. W. 952, 47 Am. Rep. 793.

Applying these principles, the decisions hold quite broadly that an employer is liable for negligence of his employee while driving his employer's vehicle (Thomas v. Armitage, 111 Minn. 238, 126 N. W. 735; Langworthy v. Owens, 116 Minn. 342, 133 N. W. 866; Weber v. Lockman, 66 Neb. 469, 92 N. W. 591, 60 L.R.A. 313) whether going on a mission of his employer or returning therefrom to his employer's place of business. Shea v. Reems, 36 La. Ann. 966.

If the employee is using his own vehicle in the employer's service, with the employer's assent, the rule is the same. Corper Brewing Co. v. Huggins, 96 Ill. App. 144; Standard Oil Co. v. Parkinson, 152 Fed. 681, 82 C. C. A. 29; Patten v. Rea, 2 C. B. (N. S.) 606; Western Union Telegraph Co. v. Rust, 55 Tex. Civ. App. 359, 120 S. W. 249. In the last case cited a messenger boy, riding on his own bicycle to deliver a message, negligently injured a pedestrian, and it was held that his employer was liable.

The same rule is applied where an employee, in the course of his employment, though traveling on foot, injures a third person. Price

v. Simon, 62 N. J. L. 153, 40 Atl. 689; Missouri, K. & T. Ry. Co.
v. Edwards, (Tex. Civ. App.) 67 S. W. 891.

The rule is held to apply where the employee after a diversion for
a purpose of his own is returning to the work of his employer. Mc-
Kiernan v. Lehmaier, 85 Conn. 111, 81 Atl. 969; Loomis v. Hol-
lister, 75 Conn. 718, 55 Atl. 561; Chicago Consolidated Bottling Co.
v. McGinnis, 86 Ill. App. 38; Williams v. Koehler, 41 App. Div.
426, 58 N. Y. Supp. 863.

It has been definitely held by this court that where employees are
going to or from their place of work during the period covered by
their wages of employment, they are in the service of the employer,
and that the employer is liable for injuries negligently done by one
employee to another. Wallin v. Eastern Ry. Co. of Minn. 83 Minn.
149, 86 N. W. 76, 54 L.R.A. 481.

As above stated these cases are not directly in point, but this case
is resolvable on the very simple principle running through them all.

The principle to be extracted from the cases is this: The test
in determining whether the doctrine of *respondeat superior* applies
is, generally, whether the person sought to be charged had at the time
the right to control the action of the person doing the wrong, both as
to the acts done and the manner of doing them. Gahagen v. Aermotor
Co. 67 Minn. 252, 69 N. W. 914; Meyers v. Tri-State Automobile
Co. 121 Minn. 68, 140 N. W. 184, 44 L.R.A.(N.S.) 113; Standard
Oil Co. v. Parkinson, 152 Fed. 681, 82 C. C. A. 29.

In this case Geminder was acting under orders from his superior
and during the period covered by his wages of employment. He was
using his bicycle with the knowledge and assent of defendant com-
pany. He was not on any business of his own. He was not his own
master. He was serving his employer, and without doubt his em-
ployer had the right to control and direct his actions at the moment
of his negligent act, both as to any act done and as to the manner of
doing it as well. We are of the opinion that he was at the time in the
service of the defendant company and that that defendant is liable
for his negligence.

This is not like the case of an employee going to and from his
place of employment outside of the hours of his employment and of

the period covered by his wages. Cases dealing with that situation are not in point here.

Defendant contends that the fact that Geminder was called, not for the purpose of delivering a message, but to take the place of Swanson, indicates that he was not within the scope of his employment. We do not concur in this view. Geminder was obeying the order of one whom it was a duty of his employment to obey. Conceding that Swanson had no authority to call him with the purpose in mind which he afterwards disclosed, the fact remains he was calling Geminder into the service of the telegraph company by virtue of an authority conferred by the company upon him. Had Geminder taken Swanson's place, although unauthorized, his act would not have been solely for Swanson's benefit and not at all for his own. We hold that, at the time he injured plaintiff, Geminder was acting in the course of his employment, with a view to the furtherance of his master's business, and not for a purpose personal to himself, and that defendant telegraph company must respond for his negligence.

Order affirmed.