# NELL COLEMAN v. CLEMENTS CHEVROLET COMPANY.[1]

April 13, 1928.

No. 26,593.

**Questions of negligence and liability of master for servant's acts were for jury.**

1. In this an automobile accident the issues of defendant's responsibility for the acts of the driver, the latter's negligence, and plaintiff's contributory negligence were for the jury.

**Even if charge were inapplicable, new trial should not be had if jury believed plaintiff.**

2. If the jury accepted plaintiff's version that her car was to be tried out by defendant after the repairs were made, it so clearly appears that the driver was within the scope of his employment when the injury to plaintiff occurred that even were the charge as to apparent authority inapplicable it should not result in a new trial.

Appeal and Error, 4 C. J. p. 1033 n. 37.
Motor Vehicles, 42 C. J. p. 1102 n. 3; p. 1265 n. 83.

Action in the district court for Olmsted county to recover damages for personal injuries sustained through defendant's negligence. There was a verdict for the plaintiff, and defendant appealed from

[1]Reported in 219 N. W. 92.

an order, Gates, J. denying its alternative motion for judgment or a new trial. Affirmed.

*George J. Allen* and *L. K. Eaton,* for appellant.

*Christensen & Ronken,* for respondent.

HOLT, J.

Appeal from an order denying defendant's motion for judgment non obstante or a new trial.

Plaintiff owned a Chevrolet coach. Defendant sells that make of cars at Rochester in this state, and in connection with his place of business maintains a repair shop. Plaintiff had left her car there to be painted and overhauled and new tires put on. Just previous thereto, Losacker, one of defendant's salesmen, had demonstrated a new model to her with a view to a trade for her car. When she decided not to do so, she made the agreement with Losacker and the shop foreman for the repairs. She claimed that part of the agreement was that after the work was done the car was to be tested out. She came to the garage the day the car was promised to be ready, but had to wait until they finished putting on the tires. Losacker waited on her, brought the car down from the shop, and presented her with the bill for the repairs, but she reminded him of the agreement to test the car before paying the bill. He told her to come along, and she followed across the street where he had parked the car. He took the driver's seat and bade her enter. As they started she tried to shut the door. It failed to shut. She slammed it three different times without the lock's catching, meantime calling Losacker's attention thereto, who, when he had gone about 150 feet to a cross street, turned abruptly to come back. The momentum of the car in turning threw her out through the unshut door, fracturing her arm. The charge in the complaint was that the car was driven negligently at a high and dangerous speed while making the turn, thereby causing her injury. Defendant denied that Losacker was in the course of his employment, and alleged that her injury was the result of her own negligence.

Defendant asks for judgment notwithstanding on three grounds: Losacker was not negligent; even if negligent, defendant was not

responsible, since in driving the car he departed from his employ-
ment as servant of defendant and became in fact the servant of
plaintiff; and plaintiff was negligent as a matter of law. We deem
all three propositions jury issues. The jury could well find that
defendant's agreement with plaintiff was that the car should be
tested out before it should be accepted and the repairs paid for, and
that a salesman, who was authorized to demonstrate cars to
customers and on the day in question was on the sales floor to wait on
customers, had also implied authority to test plaintiff's car to prove
that the repairs had been properly made. In that connection the
jury could consider that defendant was still the bailee in charge
and control of the car when plaintiff was injured. It was also for
the jury to decide whether Losacker drove negligently and thereby
caused the injury. They could accept her testimony that her at-
tempts to shut the door were futile, that Losacker knew of the situa-
tion, and without warning her of his intention made a sudden turn
throwing her out of balance and against the unfastened door. From
this the jury could find that the negligence of the driver caused
plaintiff's injury. What has already been pointed out is sufficient
answer to the contention that plaintiff was guilty of contributory
negligence as a matter of law.

No ruling on evidence is questioned, but the charge of the court
is claimed to be erroneous in several particulars. No fault therein
was called attention to by either party at the time of its delivery
and hence, under well established practice, we are not permitted to
reverse because there was not the best choice of words, or for an
inadvertent expression in a statement of law, or for a failure fully
to cover every issue. With objections of that sort eliminated, there
is very little to consider in the errors assigned upon the charge.
The only part which states a rule of law of doubtful applicability
to the issue of respondeat superior in this, a tort action, is:

"Now, just to be sure that you understand that [referring to the
preceding paragraph of like import], if an ordinary prudent per-
son, acting under the same circumstances as plaintiff acted, seeing
the things she saw, hearing the things she heard, would have con-

cluded that Losacker was authorized to try the car out as he tried it out that day, then the defendant is liable."

By liability the court meant responsibility for Losacker's negligence, if such negligence should be found to have caused plaintiff's injury, as specifically covered by another paragraph in the charge. A more apt instruction perhaps would have been that the jury were to determine from all the evidence whether Losacker's trying out or testing the car was done by authority of defendant expressly conferred or fairly implied from the nature of the employment and the duties incident to it. Sina v. Carlson, 120 Minn. 283, 139 N. W. 601. The rule of respondeat superior has also been applied to acts of the servant when done in furtherance of the master's business, and not for purposes personal to the servant. Kuehmichel v. Western Union Tel. Co. 125 Minn. 74, 145 N. W. 788, L. R. A. 1918D, 355. Under the authorities cited in 4 Dunnell, Minn. Dig. (2 ed.) § 5833, we think it so clear that Losacker was within the scope of defendant's employment when he undertook to test out the car after the repairs were made and before plaintiff accepted the work done thereon that, even were technical error conceded in submitting the apparent authority of Losacker to the jury, it should not result in a new trial.

The order is affirmed.