## PHOENIX ASSURANCE COMPANY, LTD. v. ROBERT G. PRATT.[1]

October 13, 1933.

No. 29,577.

*Wright, Lyons & Wright* and *Schuyler Woodhull,* for appellant.
*K. A. Campbell,* for respondent.

*STONE, Justice.*

Plaintiff, as insurer, paid to one Rademacher, the owner, the loss for the accidental destruction of his automobile, and, as subrogee under the insurance policy, sued defendant, alleging that the negligence of the latter's servant caused the accident. The amount of the loss paid was $1,117.50. The case was tried below without a jury to a decision for plaintiff, which fixed the value of the car at, and so limited plaintiff's recovery to, $400. Defendant appeals from the order denying his motion for amended findings or a new trial.

[1]Reported in 250 N. W. 455.

The car was being repaired for Rademacher in defendant's garage. Something had gone wrong with the transmission. Before taking the car back, Rademacher requested Brooks, an employe in defendant's garage, to take it out for a road test. He did so, and, while driving on Superior boulevard on a slippery pavement, so managed, or failed to manage, the machine that it collided with a telephone pole, to the utter destruction of the car. The question of Brooks' negligence was, at least, one of fact, settled for plaintiff by the decision below.

Defendant was a bailee for hire. It was his duty to redeliver the car to Rademacher with the repairs made. A test is so frequently necessary to ascertain that such a job is properly finished, and so commonly made, that it would be bordering on the absurd to say that Rademacher's request for the test, as matter of law, transferred Brooks from defendant's employ to his own. That is the "main point" for defendant. There is nothing to it, because it was at least a question of fact, decided for plaintiff below, on evidence sufficient if not more. Repairs to an automobile are of no use unless they make the car run satisfactorily. The repairman, frequently, cannot know that his job is done unless he tests the car. Neither can the owner. The latter is entitled to have the work done to the satisfaction of the expert who does it, whose test of the result and whose favorable judgment thereof the owner ordinarily desires. Within common experience such things are within the coverage of the bill which he pays. So it is going too far to argue that, on such facts as we have here, the employe making the test, even upon the suggestion or at the request of the owner, is thereby and as matter of law made the servant of the latter. Doubtless, as aptly observed in the decision below, "even if Rademacher had not asked for it [the test], it would have been done as a matter of course."

The case for plaintiff is well within Coleman v. Clements Chevrolet Co. 174 Minn. 277, 219 N. W. 92. This is no case of the loan by one employer to another of a servant, so that, for the time being, the lender ceases to be liable for the servant's negligence. Com-

pare Conroy v. Murphy Transfer Co. 148 Minn. 14, 180 N. W. 704. Whatever the scope of so-called judicial knowledge of the fact issue, it would be startling to the common knowledge and understanding of the auto-driving public to be told that, after a major repair of an automobile, they could request an employe of the repairer to make an appropriate road test only at the risk of converting the one making the test into the owner's servant for the time being.

Order affirmed.