## NEW ORLEANS, BATON ROUGE, VICKSBURG AND MEMPHIS RAILROAD COMPANY *v.* J. J. NORWOOD.

1. MASTER AND SERVANT. *Whether engineer running train for railroad company or for contractor. Liability for negligence. Case in judgment.*

    A railroad company employed M., a contractor, to do certain work upon its road, and paid him therefor a stipulated price, and furnished him a construction train and an engineer to run the same. The company prohibited the running of this train at a greater rate of speed than thirteen miles per hour, and required that it should be on a side-track fifteen minutes before the schedule time for each of the company's trains. Subject to these regulations, the control, management, and direction of the construction train was given wholly to M. The engineer was selected by the company, and it alone had the right to discharge him, though bound to do so upon the complaint of M., and to supply his place. The company paid the engineer's wages, but charged the same to M., and deducted the amount thereof from the sum due him for his work. A mule having been killed by the negligent running of this construction train, the owner sued the railroad company for the value thereof. The defendant resisted the action on the ground that the train was not run by its servant, but by M.'s. *Held,* that such engineer was the servant of the railroad company.

2. SAME. *Hire of personal property with servant to manage. Rule in such case.*

    The above decision is based upon the principle that where a person hires the personal property of another who furnishes a servant to manage the same, though the hirer acquires the right to superintend and direct the conduct of the servant, the latter continues to be the servant of the owner of the property, who is responsible for any negligence of the servant in the performance of his service for the hirer, even where the hirer only is interested in such service.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

This action was brought by J. J. Norwood, before a justice of the peace, to recover of the New Orleans, Baton Rouge, Vicksburg and Memphis Railroad Company the value of a mule killed by a locomotive and train of cars running on the defendant's road. The case was appealed to the circuit court, where, a jury being waived, it was tried by the judge. The plaintiff adduced evidence sufficient to establish a *primâ facie* case against the defendant. The defendant then proved the facts stated in the opinion of the court. The

judgment of the court was in favor of the plaintiff, and the defendant appealed.

*Miller, Smith & Hirsh,* for the appellant.

The law holds railroad companies liable for torts or trespasses only when committed by their servants or agents.

An independent contractor has been repeatedly held not to be a servant or agent of the company.

The company has no control over him, for within the limits of his contract he is supreme in his control of the work, in its management, and in its direction.

The court below decided that because the engineer was employed by the railroad company that he was therefore the servant of the company.

It is submitted that this did not in any sense make him the servant of the railroad company.

In order for one to be the servant of another three things must concur :

1st. The power of selecting.

2d. The power of *directing.*

3d. The power of discharging.

See case of *Brackett* v. *Lubke,* 4 Allen 138, and *Forsythe* v. *Hooper et al.,* 11 Allen 419 ; Pierce on Railroads 286.

The case of *Cunningham* v. *Railroad Co.,* 51 Texas 503, is precisely analogous to this case.

In that case the court uses this language : " That Douglass, Broon, Reynolds & Co. (the contractors) may have used, as a means to assist in carrying out their contract to construct the road, a train belonging to the defendant company, and operated by servants *primarily* employed by it, would not of itself make the company liable for their acts, unless it had the *immediate control and management* of the train."

*James Simrall,* for the appellee.

Does the relation of master and servant or employer and employee exist between the railroad company and the engineer, or between McDonald and the engineer ?

As regards the selection (employment) of the engineer to run this

train, the contractor was not *independent.*  Touching the control of the causes of the accident, the contractor was not independent, the control being exercised by the railroad company.  The engineer was employed by the railroad company, could be discharged only by the company, and was partially under directions and orders of the company.

" The master is responsible for the acts of his servant or of a subordinate agent, however remote, done in the course of his employment, because the servant or sub-agent is under his control." 1 Minors Inst. 229.  " He is deemed the master who has the supreme *choice,* control, and direction of the servant, and whose will the servant represents not merely in the ultimate results of the work, but in all its details."  Shearm. & Red. on Neg., § 73.

The fitness or unfitness, the qualifications for the employment of this engineer, were passed upon and judged by the railroad company.  McDonald had no voice in his employment and no authority or power to discharge him.

"The party employing has the selection of the party employed, and it is reasonable that he who has made choice of an unskillful or careless person to excute his orders should be responsible for any injury resulting from the want of skill or want of care of the person employed."  19 American Reports 269.

Pierce on American Railway Law states the test of the relation of master and servant to be : *the choice, the direction,* and *the right to discharge.*  He was discussing this very question, as to whether a party was servant of the company or contractor.

In this case the choice, right to discharge, and the direction partially were with the railroad company.

COOPER, J., delivered the opinion of the court.

The appellee's mule was killed by the negligent running of a train upon the defendant's road.  The liability of the company turns upon the question whether the persons in charge of the train were the servants of the company or of one McDonald, an independent contractor, who was engaged in widening a cut in defendant's road.  By the contract between the company and McDonald,

he was to be paid sixty cents per cubic yard for all earth removed from the cut, and in addition to this the company was to furnish him with a construction train and engineer to manage the same. This train was required by the defendant to be upon the side-track fifteen minutes before the schedule time of each one of its trains, and was prohibited by the defendant from running at any time at a greater rate of speed than thirteen miles per hour. No other regulations were prescribed by the company, and, subject to these, the control, management, and direction of the train was wholly with McDonald. The engineer was selected by the company, and it alone had the right to discharge him, and it paid him his wages, which, however, were charged to McDonald and deducted from the sum due him under the contract. It was the duty of the company to discharge the engineer upon complaint made by McDonald and to supply his place with another, and since the killing of the appellee's mule this has been done.

On these facts, which were agreed on in the court below, we are of opinion that the judge correctly held that the engineer was the servant of the company.

Among the numerous tests which have been from time to time suggested for the determination of the question, Whose servant is this? are the following, each of which has in some case been considered as conclusively fixing the existence of the relation :  .

(1) The right of selecting the servant; (2) the right to discharge the servant; (3) the right to control the servant; (4) that he is not a master who is interested in the ultimate result of the work done as a whole, but not in the details of its performance.

Of these four supposed conclusive tests, it will be seen that, applying them to the facts of this case, two of them determine the engineer to have been the servant of the company and the other two make him the servant of McDonald; for the company had the right to select and to discharge the engineer, while, on the other hand, McDonald had the right of controlling him and was alone interested in the details of the work done by him, the company having no interest therein, its interest being solely in the result of the work—the widened cut.

In the application of these supposed tests to particular cases, great confusion and conflict of authority has arisen, but amid it all there seems to be a class of cases in which there has been uniformity of decision, and to this class the case before us is obviously assignable.  The cases referred to are those in which a person hires the personal property of another and that other supplies, also under the contract of hiring, the servant who is charged with the general management and control of the property, in which cases, though the hirer acquires to a limited degree a dominion over the servant, with a right to superintend and direct his conduct, he still in legal contemplation continues the servant of the owner, who is responsible for his negligence, though it occurs in the performance of that work which he does for the hirer and in which the hirer alone is interested.  As where one hires horses and a driver from a jobman to draw his carriage, the owner and not the hirer is liable for the negligence of the driver.  *Dean* v. *Braithwaite,* 5 Esp. 35 ; *Samuel* v. *Wright,* Ib. 262 ; *Laugher* v. *Pointer,* 5 B. & C. 311 ; *Quarman* v. *Burnett,* 6 Mee. & W. 499.  Or where one sends his team, wagon, and driver to work for a neighbor.  *Michael* v. *Stanton,* 10 N. Y. 462.  Or where a vessel and crew are chartered by the day or for a voyage, the crew are the servants of the owner, even though, as a part of the contract, the hirer is to pay to the owner the wages of the crew.  *Dalyell* v. *Tyrer,* El. Bl. & El. 899; *Fenton* v. *Dublin Packet Co.,* 8 A. &. E. 835.

The reason is that the hirer, though he controls and directs the servants in a limited degree, does so not by reason of a contract with the servant, but under the contract with the owner; he directs them, not as his servants, but as those from whom he hired them. Shearm. & Red. on Neg., § 74.

In the case at bar there was a hiring of the train and the engineer by the company to McDonald ; the reward was paid by the diminished price at which the excavating was to be done.  If the engineer selected and furnished by the company had through negligence or incompetency exploded the engine committed to his care, it is evident that the company could not have recovered from McDonald for the injury as one caused by the negligence of his servant.

*The judgment is affirmed.*