## CAVER *v.* EGGERTON.

(Division B.  April 14, 1930.)

[127 So. 727.  No. 28522.]

Jacobson & Cameron, of Meridian, for appellant.

Reily & Parker, of Meridian, for appellee.

Argued orally by **Gabe Jacobson**, for appellant.

**Griffith, J.**, delivered the opinion of the court.

Appellee was injured by an automobile driven by one Givens, who is alleged to have been, at the time, an employee of J. D. Caver, since deceased. It is further alleged that the said employee was engaged in the business of his employer when the injury occurred, and that the said injury was the proximate result of negligence on the part of the said driver of said automobile. Suit was filed jointly against said Givens and against appellant as executrix, and upon the trial there was a judgment for two thousand dollars, from which the executrix appeals.

On the issue of negligence the jury was properly instructed and the evidence is sufficient to sustain the verdict. In fact, appellant does not seriously contend otherwise, but bases her appeal, in the main, on the grounds that said Givens was not an employee but was an independent contractor, and that at the time he was not engaged in the business of his employment.

The facts in respect to these two assignments are that Mr. Caver was operating a retail drug store from which he made deliveries within the city to all customers who in making their purchases desired delivery. For this purpose he made a contract with said Givens, by which Givens was to furnish and did furnish his own automobile, including all the supplies and repairs for the operation and maintenance of the same, and using said automobile, Given was to deliver within said city all packages or articles of merchandise, drugs, and the like, which Mr. Caver would direct him to deliver, from the hours of seven or eight A. M. until dark. For this service Givens was paid fifteen dollars per week. There was

another delivery man besides Givens, and apparently there was no fixed division between them of the work. When a package would be ready to go, it would be handed to one of these delivery men, and he would proceed to make prompt delivery, selecting his own route in so doing, and the delivery completed, he would return immediately to the drug store to get further parcels, if any should then be ready. The injury complained of occurred about eight-ten A. M. before Givens had yet arrived at the store. He had stopped at a filling station and had obtained some gasoline, and shortly after leaving the station, and while then directly on his way to the store, the negligent injury happened.

In the recent case Hutchinson-Moore Lbr. Co. v. Pittman, 154 Miss. 1, 122 So. 191, 193, it was said that "an independent contractor is one who renders service in the course of an occupation representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished." The court also said in the same case that among the tests to be applied in determining the question are "the right to control the servant; and that he is not a master who is interested in the ultimate result of the work alone as a whole, but not in the details of the performance." These tests are sufficient to direct us to the following statement as applicable to the case in hand: When a person is compensated at a fixed sum per week and there is no definite amount of work to be done for that compensation, but the work is to be done according to the varying exigencies of the business, as to which the employee remains, within the ordinary working hours, under the control of the employer, so that in respect to the details of the work during all those hours the employee shall go when and where the employer directs, and shall return promptly for further orders, there is a case of employer and employee and not of an independent contractor. The fact that the employee uses and maintains his own means of conveyance in said work and selects his own route is not con-

trolling upon the rule, in a case such as stated. Postal Telegraph-Cable Co. v. Murrell, 180 Ky. 52, 201 S. W. 462, L. R. A. 1918D, 357; Burgess v. Garvin, 219 Mo. App. 162, 272 S. W. 108; Auer v. Sinclair Refining Co., 103 N. J. Law 372, 137 A. 555, 54 A. L. R. 623; 14 R. C. L. 67, et seq. Compare Gall v. Detroit Journal Co., 191 Mich. 405, 158 N. W. 36, 19 A. L. R. 1164.

Upon the second question the test is whether the employee at the time was acting in the course of his employment, within the scope of his duties in furtherance of his master's business, and not for an independent purpose personal to himself; or as otherwise stated, whether at the time the employee was engaged in that which was directly connected with, or was immediately incident to, that feature of the master's business, in respect to which the employment existed. It could hardly be said of the employee in this case that if having already reached the store and having completed his first delivery, he would not be about his master's business while directly on his way back for another package. As actually happened in this case, the hour of employment had arrived and the employee was then directly on his way to the store to get his first package or packages for the day. He was therefore none the less acting within the business of his employment, than if, having already made one delivery, he was on his way back to get another parcel. Mandes v. Midgett, 49 App. D. C. 139, 261 F. 1019; Keuhmichel v. W. U. Tel. Co., 125 Minn. 74, 145 N. W. 788, L. R. A. 1918D, 355; Co-operative Furn. Co. v. So. Surety Co. (Tex. Civ. App.), 264 S. W. 201. Compare Nussbaum v. Traung Co., 46 Cal. App. 561, 189 P. 728.

It is complained also that the verdict is excessive. The injuries were largely of such a nature that the jury could comprehend the same on an examination or by an inspection, and appellee freely allowed an examination and inspection by the jury. The physician who treated him testified fully and, so far as we can see, without effort to strain or enlarge the injuries. Appellee seems to have

honorably done all in his reasonable power to give the jury all the facts touching the nature and extent of his injury, and kept nothing back, so far as the record gives indication. When this has been done, it will be a rare case in which this court will interfere with a verdict on the issue of the amount of damages.

In respect to the refused instruction No. 1, appellant, in arguing this assignment, must have overlooked instruction No. 16 which was granted, and which covered the very matter which is complained of as having been omitted.

Affirmed.