LIFE & CASUALTY INS. CO. OF TENNESSEE *v.* CURTIS.

(Division B. Jan. 27, 1936.)

[165 So. 435. No. 32006.]

**Bozeman, Cameron & Bozeman,** of Meridian, for appellants.

M. V. B. Miller, of Meridian, for appellee.

Argued orally by **Ben F. Cameron**, for appellant, and by **M. V. B. Miller**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellee, Lewis Curtis, filed suit in the circuit court of Lauderdale county against the Life & Casualty Insurance Company of Tennessee and Vernon Pace, its agent, alleging that Pace, while in the course of his duties as an employee of appellant, and in the scope of his authority as such agent, inflicted a personal injury upon Lewis Curtis, appellee. There was a judgment in the court below in favor of the appellee for six thousand dollars, from which this appeal is prosecuted. The insurance company executed a bond, but Pace prayed for an

appeal without executing any bond.

The principal assignment of error by the appellant is that Pace was not an agent of the insurance company, but was an independent contractor, for whose acts the insurance company was not liable.

The injury occurred in the city of Meridian at the intersection of a street and avenue therein. The proof is sufficient to show that Pace was negligent in the operation of the car, and the extent of Curtis' injury was sufficient to sustain the verdict of the jury.

Without setting out a statement of the case in extenso, it is sufficient to say that Pace was employed by the insurance company to collect premiums weekly upon certain policies issued by the company, and to write new business within the territory contiguous to Meridian, Mississippi, which extended as far south as Quitman, to the north and west as far as Electric Mills and Louisville, and east to the Alabama line. It appears that there was a superintendent, Mr. Wardlaw, in charge of that territory, and that he had several agents or collectors and writers of new insurance under his supervision, who were required to meet with him for instructions and to report to him the amounts collected and give reasons for not collecting. These agents were required to turn over the amounts collected, but were allowed to retain a limited amount for expenses of travel, etc. There was a premium given for new business in certain amounts to encourage extraordinary efforts. Pace owned his own automobile, which he used in making his collections and writing new business, and some of the agents either walked or took busses or taxis.

The insurance company had rules and regulations to govern the people engaged in its business, and Wardlaw testified that it was his duty to enforce same, and that he did so to the best of his ability. He claimed that he had no authority over how Pace should go to and from his

work, and that he could write new business anywhere in the assigned territory.

Pace testified that there were about seven people doing the same kind of work he was, and that, under the rules of the insurance company, Wardlaw was the "boss" of them all, and that all the work was under his supervision, that on several occasions Wardlaw had accompanied Pace in his automobile, and that it was well known by the insurance company that he used his own automobile, and that this automobile, so used, hit the plaintiff, appellee here, while Pace was on business for the insurance company.

There was other testimony tending to show that Pace could go when he pleased in making collections, which would have warranted the jury in believing that he was not an employee of the insurance company, but was doing business in his own way. There was also evidence to show that the company could discharge Pace or abrogate the contract whenever it desired, and likewise that Pace could quit when desired.

The evidence is voluminous, and there is considerable conflict therein, but we think there is sufficient evidence to warrant the jury in finding for the appellee, and that Pace was an employee of the insurance company, subject to its control and direction, and was not an independent contractor. In other words, the testimony was such that the jury could have found for the appellee had it believed facts favorable to his contention, or could have found for the appellant if it had believed the evidence tending to show that Pace was an independent contractor. The question was submitted to the jury, which decided facts favorable to the appellee.

We are of the opinion, after a careful reading of the record, that there was sufficient evidence to warrant the finding of the jury.

In numerous cases this court has held that the facts shown govern the principle for determination as to

whether or not a person is an agent or servant of a party, or an independent contractor. Caver v. Eggerton, 157 Miss. 88, 127 So. 727; Texas Company v. Mills, 171 Miss. 231, 156 So. 866; Natchez Coca-Cola Bottling Co. v. Watson, 160 Miss. 173, 133 So. 677; Kisner v. Jackson, 159 Miss. 424, 132 So. 90; McDonald v. Hall-Neely Lbr. Co., 165 Miss. 143, 147 So. 315, and the authorities cited in these cases. The governing principles have been fully settled in this state, and the only difficulty in the varying cases that arise is the application of these principles to the facts involved.

We see no need to go outside of Mississippi for cases of other jurisdictions, as so much has been written here upon the questions involved. It is often more confusing than helpful to go into foreign jurisdictions, since it is difficult to tell how much these decisions are affected by statutes and prior decisions. In this state, when there is confusion, it grows out of the difference in the facts involved in the several cases, and it has been settled here that each case must be determined on its own facts.

We have examined the instructions and find no error therein. We have also examined the evidence and find no reversible error. It follows, therefore, that the judgment of the court below should be affirmed.

Affirmed.