REGAN *et al. v.* FOXWORTH VENEER CO.

(Division B. May 10, 1937.)

[174 So. 48. No. 32686.]

Henry Mounger and Hall & Hall, all of Columbia, for appellants.

R. D. Ford and Rawls & Hathorn, all of Columbia, for appellee.

Argued orally by Lee D. Hall, for appellant, and by H. C. Rawls, for appellee.

Anderson, J., delivered the opinion of the court.

Appellants, the father, mother, sisters, and brothers of Clyde Regan, deceased, brought this action in the circuit court of Marion county against appellee to recover damages for the death of the deceased, caused by the negligence of one Lee Stamps, alleged to have been appellee's logging woods foreman.

Appellee was engaged in the manufacture of veneer at its plant at Foxworth in this state. Ball Bros. was furnishing appellee part of the logs used in its business. Lee Stamps was the woods foreman in charge of the crew, and the deceased was a member thereof. A steam log skidder was used to assemble the logs. Stamps negligently directed the skidder to be tied to a faulty tree. In the operation of the skidder the tree was pulled down, falling on the deceased and resulting in his death.

The question of negligence is out of the way. Appellee concedes that the evidence was sufficient to make that an issue for the jury.

The question, and the only one, on this appeal is whether Stamps was the servant of appellee or the servant of Ball Bros. The trial court held that he was the servant of the latter and directed a verdict for appellee.

The following facts were established without dispute: Taylor was the vice-president and general manager of the appellee, a corporation, in full charge of the operation of its plant, including the purchase of the logs. W. H. Turner owned the land, and timber on it, from which the logs were being taken. Conerly was the agent of Turner in charge of the land and the timber with authority to sell the timber. He sold such of it as was being used by appellee to Ball Bros. at $2 per thousand stumpage. Ball Bros. sold it to appellee, certain sizes at $7 per thousand and larger sizes at $8 per thousand delivered at appellee's mill, the $2 per thousand stumpage to be retained by appellee and paid to Turner, the balance to Ball Bros. The skidder and all the appliances used in the woods belonged to and were furnished by Ball Bros.; the entire crew were employed and their wages paid by Ball Bros. Ball Bros. alone had the right to employ and discharge the members of the crew.

Under the contract between Ball Bros. and appellee the latter had no control whatsoever as to the ways and means by which the logs were to be gotten out and de-

livered. The evidence for appellants, however, tended to show that two or three times a week Taylor, appellee's vice-president and general manager, went into the woods where the logging was being done and made suggestions and gave directions as to how the work should be carried on. Taylor admitted that to be true, but testified that it was merely by way of advice, that he had no right to control the crew in any manner, that his plant was sometimes short of logs and his purpose was to hurry up the supply. One or more witnesses testified that Taylor suggested sometimes where it would be well to place the skidder, and his suggestions were followed. There was not a bit of evidence tending to show that under the contract Taylor had the right to exercise any control whatsoever over the manner and means of doing the work. The crew was bound to know from all the facts and circumstances that Ball Bros. was their master and not Taylor. On the day Regan lost his life, Taylor was out of the state.

Under the decisions of this court, it is clear that appellee was entitled to a directed verdict. New Orleans, B. R., V. & M. R. R. Co. v. Norwood, 62 Miss. 565, 52 Am. Rep. 191; Bear Creek Mill Co. v. Fountain, 130 Miss. 436, 94 So. 230; Hutchinson-Moore Lbr. Co. v. Pittman, 154 Miss. 1, 122 So. 191, 193; Caver v. Eggerton, 157 Miss. 88, 127 So. 727; Kisner v. Jackson, 159 Miss. 424, 132 So. 90; Louis Werner Sawmill Co. v. Northcutt, 161 Miss. 441, 134 So. 156; McDonald v. Hall-Neely Lbr. Co., 165 Miss. 143, 147 So. 315; Gulf Refining Co. v. Nations, 167 Miss. 315, 145 So. 327; Texas Co. v. Mills, 171 Miss. 231, 156 So. 866; Texas Co. v. Jackson, 174 Miss. 737, 165 So. 546; Cook v. Wright (Miss.), 171 So. 686; Burch v. Southern Bell Tel. & Tel. Co. (Miss.), 173 So. 300. In the Pittman case the court said that among the tests for the determination of the question, ''whose servant is this,'' were: (1) The right to select the servant; (2) the right to discharge the servant; (3) the right to control the servant; (4) that he is not a master who

is interested only in the ultimate result of the work as a whole and not in the details of the performance. In the Cook case the court held that an employer, to avoid the liability of master, need not entirely absent himself from the work, or entirely disassociate himself from active interest, or aid in the performance of the work, or from supervision of results so long as the details of the work, physical management of instrumentalities used, and physical conduct of those employed remain under the sole control of the employer.

Affirmed.