MISSISSIPPI COTTONSEED PRODUCTS CO. *v.* HARRIS.

(Division B.   Dec. 11, 1939.)

[192 So. 439.   No. 33891.]

**Green, Green & Jackson,** of Jackson, for appellant.

**Austin & Austin**, of Jackson, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

William Dock Harris was an employee of the Mississippi Cottonseed Products Company in a plant at Jackson, Mississippi, and his duties were to oil the machinery. In going to and from certain parts of the building to certain parts of the machinery, he had to cross a plank or board about 12x2 approximately 14 feet long; and, in making the trip over this board on the occasion in question, the board fell, throwing him to the floor some ten feet below and injuring him.

In the trial of the case in the court below, there was introduced a duplicate of the board, showing the condition of the one in the plant as well as the manner in which it was held in place. The board complained of had been used for a long time, the ends were not nailed to the supports but were loose, having some kind of a

cleat for the purpose of holding the board in place. The jury and the attorneys saw the duplicate board that was used in evidence, and the witnesses, in describing it, do not make it entirely clear just how the supports and boards were situated. In pointing out the position, situation or condition of the board, known as a "runway," also its supports, the witnesses frequently used the words "here" and "there" in referring to the board. The jury and parties concerned in the trial could see the board and knew what was being demonstrated, but we cannot get a very clear picture of the situation from the record and must presume that they had proper visual evidence to enable them to fully understand the matter.

There was proof by the appellee, plaintiff in the court below, that he had requested a new board of the manager and that he had stated that he would not attend to it until after the season was over, or words of that import. It appears from the evidence that the board was not nailed into the supports, that it was left in that condition so that it might be moved from place to place, but the extent of the moves and different positions in which it would be in these various positions is not clear. We think there was a situation from which the jury could infer or find that the appellant had not used reasonable care to make a reasonably safe place for its employee to work, having reference to the situation of the plank and the risk; and that they could find that this constituted a dangerous place to work, as held by the trial judge.

We are unable to find any reversible error in the record, and the judgment is affirmed.

Affirmed.