Hughes *v.* Wright, et al.

No. 40746          May 26, 1958          102 So. 2d 798

*Adams, Long & Adams,* Tupelo; *Ely B. Mitchell,* Corinth, for appellant.

*W. P. Mitchell,* Tupelo, for appellees.

McGehee, C. J.

This is an appeal taken by George C. Hughes, plaintiff in the trial court, from a jury verdict and judgment in

favor of James Wright, individually, and James McCullar, Henry Sample and Raymond Sample, a partnership doing business as Sample Truck Lines of Tupelo, Mississippi, wherein the plaintiff sought to recover damages for personal injuries to himself and property damage to one of his mules and his wagon, on account of the defendant James Wright having struck, with a truck or trailer of the defendants, the wagon and mules of the plaintiff when overtaking the plaintiff who was driving his wagon going northward from Booneville along U. S. Highway 45, paved 20 feet in width, and at a time when the plaintiff was passing or had completed passing a parked automobile headed southward on the east side of the highway.

The proof discloses that the defendant James Wright had passed over the top of a hill and was going down an incline in plain view of the plaintiff and his mules and wagon, and that he, as driver of the truck, saw the plaintiff and his wagon and mules, or by the exercise of reasonable care should have seen them, in plenty of time to have avoided the collision. The proof further discloses that the plaintiff was driving along in his wagon, drawn by his mule team at a walking gait of speed, when he came upon an unattended automobile which was parked on the east side of the highway, headed south, and according to the testimony on behalf of the plaintiff he had looked behind him and had failed to see any approaching vehicle in sight, and that as he undertook to pass the parked automobile the truck of the defendant struck the back end of the wagon, broke down its left rear wheel, knocked the tire off of the same, crippled one of the mules and injured the plaintiff.

However, the defendant James Wright and the two Negro laborers who were accompanying him on the truck, contended that the plaintiff had already passed the parked car and was back into his right lane of the highway, to the north of the parked car, and that the injury to one of the mules—the smaller one on the left side—was caused

by the larger mule on the right side shoving or pushing the little one under the trailer of the defendant's truck.

The then sheriff of Prentiss County, Ben F. Holley, testified on behalf of the plaintiff about the left rear wagon-wheel being broken down, the tire knocked off of the wheel, and that the wheel was down and the tire leaning against the bed of the wagon. He and the plaintiff were corroborated by other witnesses in that behalf. The defendants did not undertake to explain how this damage could have occurred to the wagon if the accident was due solely to the big mule pushing the little one under the trailer of their truck. In fact they denied that the wagon had been damaged in the manner aforesaid.

■■ ■ The record fails to disclose that the plaintiff was guilty of the slightest negligence to any extent whatsoever. Nevertheless, the defendants obtained an instruction to the jury that if they "believe from the evidence in this case that the damages suffered by the plaintiff, if any, were caused solely by his own negligence, then it is your duty to return your verdict for the defendants." There was no proof in the record that entitled the defendants to an instruction submitting the question of the plaintiff's negligence to the jury, and it was therefore error to have submitted the question of the plaintiff's alleged negligence for the determination of the jury.

The theory of the defendants was that the plaintiff was negligent in not having his mules under proper control, but under the facts of this case the action of the offending mule cannot be attributed to any negligence on the part of the plaintiff. The mules were not said to have ever shown any disposition to shy away from any motor vehicle prior to the occasion in question.

Instruction No. 5 granted the defendants is subject to criticism in that it did not negative any negligence or require due care on the part of the defendant, but Instruction No. 6 properly submitted the correct issue in

the case to the jury, except for the error contained in Instruction No. 3 granted to the defendants, hereinbefore quoted from, which submitted to the jury the question of the plaintiff's alleged negligence, in the absence of any proof that he had been guilty of any negligence whatsoever. We think that the verdict in favor of the defendants was against the overwhelming weight of the evidence in exonerating the defendants from any negligence or fault in connection with the accident. The case must therefore be reversed and remanded for a new trial.

Reversed and remanded.

*Hall, Kyle, Holmes* and *Gillespie, JJ.*, concur.