FISCHBACH AND MOORE, INC. *v.* FOXWORTH

No. 42656          May 6, 1963          152 So. 2d 714

*Eaton, Cottrell, Galloway & Lang,* Gulfport, for appellant.

*Walter L. Nixon, Jr.,* Biloxi, for appellee.

McGEHEE, C. J.

The appellee, Willie B. Foxworth, is alleged to have sustained an electrical shock on November 22, 1960, while engaged in assisting in the moving of some scaffolding from one side of a wall to the other side thereof, by means of ascending a steel ladder which had been placed by some unidentified person against said wall, where an electrical circuit had been installed at the top of the wall and the ladder came in contact with the circuit while the appellee was undertaking to help carry some scaffolding to place on the inside of the building. The appellee says he was injured by electrical shock while ascending the metal ladder, but the shock did not prove

to be fatal. Willie Foxworth sued the appellant Fischbach & Moore, Inc., and the Mississippi Power Company. In his declaration the plaintiff alleged that he was at the time of his accident and injury an employee of the H & F Engineering Company, which was the general contractor for the Mississippi Power Company in constructing an additional unit to its power plant in Harrison County, Mississippi. The declaration alleged that Fischbach & Moore, Inc., was also under contract with the Mississippi Power Company and was doing some work for it under a construction contract. The suit sought to recover damages for the alleged injuries resulting from the electrical shock in the sum of $275,000, including $50,000 sought as punitive damages. The jury returned a verdict against the appellant Fischbach & Moore, Inc., for the sum of $50,000, but did not return a verdict against the defendant Mississippi Power Company. Upon a motion by Fischbach & Moore, Inc., for a new trial the court required a remittitur of $20,000 to be entered, thereby reducing the amount of appellee's recovery to $30,000, and the said defendant Fischbach & Moore, Inc., has taken this appeal. No cross-appeal was taken from the action of the jury in exonerating the defendant Mississippi Power Company.

An electrical circuit had been installed at the top of the wall by the appellant Fischbach & Moore, Inc., some three to six months prior to the alleged accident and injury to the plaintiff Willie Foxworth, and in the meantime someone, not identified by the testimony in the case, had removed a portion of the overlapping roof, underneath which the electrical circuit wires had been installed, and had thereby permitted the metal ladder to come in contact with the electrical wiring at the place where a portion of the overlapping roof had been removed.

It is alleged that the electrical shock sustained by the plaintiff caused him to be knocked off the ladder and

818

thrown on his back onto the concrete floor a few feet below.

The facts disclosed by the testimony upon the trial of the case show that Fischbach & Moore, Inc., did not own the ladder, did not place the ladder against the wiring, and did not make the opening in the roof by removing a portion of the same where it originally overlapped the wiring.

In other words, all that the proof discloses as against the defendant Fischbach & Moore, Inc., is that Fischbach & Moore installed the electrical circuits, with which the metal ladder came in contact, and that said defendant did so at the instance and request of the H & F Engineering Company and for the use and benefit of the said Engineering Company; that during the interval of from three to six months after Fischbach & Moore had installed the electrical circuits the said circuits were used primarily by the H & F Engineering Company and at very infrequent intervals by the defendant Fischbach & Moore, Inc., which had installed them; that Fischbach & Moore had installed the electrical circuits as a co-operative venture for the H & F Engineering Company, and had surrendered the principal control over the same to the said owner H & F Engineering Company; and that after Fischbach & Moore, Inc., had completed its work of constructing the said electrical circuits, and the same had been accepted by the H & F Engineering Company, Fischbach & Moore, Inc., was thereafter under no duty of making periodic inspections, and of maintaining the said wires in a safe condition so as to be answerable for the act of an independent and intervening cause of the accident.

The record discloses that both Fischbach & Moore, Inc., and H & F Engineering Company had contracted to do some work for the Mississippi Power Company and that the former's contract was for the installation of permanent equipment to go into the plant, and Mr.

Lancaster, the superintendent of Fischbach & Moore, Inc., testified that " * * * we, on several occasions cooperate with contractors on request. We built, made circuits for them. Q. Now, Fischbach & Moore did string these electric wires which allegedly caused injury to the plaintiff, isn't that correct? A. Installed the wires? Q. Yes, sir. A. They did. At the request of H & F Engineering Company. Q. At any additional cost to H & F? A. No. Q. In other words, Fischbach & Moore did this — A. As a cooperative venture between contractors." Mr. Lancaster also stated that "If it was apparent it was something that would be hazardous, we took care of it."

In 27 Am. Jur., Independent Contractors, Sec. 55, pp. 534 and 535, it is stated:

"Injuries After Completion of Work. — The general rule is well established that an independent contractor is not liable for injuries occurring to a third person after the contractor has completed the work and turned it over to the owner or employer and it has been accepted by him, even though the injury results from the contractor's failure properly to carry out his contract. When the work is finished by the contractor and accepted by the employer, the latter is substituted as the party responsible for existing defects, and the same rule is applied to subcontractors, so as to relieve them from liability to the original employer where their work has been finished and accepted by the original contractor. The reason for the substitution of liability is found in the general doctrine that an action for negligence will not lie unless the defendant was under some duty, which he has omitted to perform, to the injured party at the time and place where the injury occurred.

"The general rule has been applied in actions founded on negligence, and in actions involving damages caused by defects in chattels transferred under agreements providing for their use by the transferees for particular purposes during a definite or indefinite period.

"It has also been held that one of the consequences deducible from the general rule is that after the completion of a stipulated work, and its acceptance by the employer, a contractor is not bound to see that the subject matter of the work remains free from dangerous conditions, unless such a duty is imposed by an express agreement or by statute."

(Hn 1) We think that this record discloses that the proximate cause of the alleged accident and injury to the plaintiff was the removal of a portion of the overlapping roof, and the placing of the metal ladder against the wire, the said wiring not being accessible to contact with the ladder prior to the removal of the overlapping roof.

(Hn 2) The only act of omission or commission on the part of the appellant Fischbach & Moore, Inc., shown by the proof in this record was that Fischbach & Moore, Inc., was doing work in a nearby area, and that if its employees had been paying attention to the activities of the employees of H & F Engineering Company they would have observed that said employees were working near the electrical circuits and that the said Fischbach & Moore, Inc., had not made periodic inspections of the wiring after its work had been completed and turned over to the H & F Engineering Company. But we do not think that this record discloses any duty on the part of the appellant Fischbach & Moore, Inc., to the plaintiff to protect him against an independent and intervening act of some third person at the time a portion of the overlapping roof was removed and the wires exposed and made accessible to contact with the metal ladder. In other words, everything complained of occurred after the completion of the work by Fischbach & Moore, Inc.

This case was originally before the Mississippi Workmen's Compensation Commission and the record discloses that the United States Fidelity & Guaranty Com-

pany was the insurance carrier for the employer of the appellee, Willie B. Foxworth, and that the said insurance carrier paid to the appellee, as employee of the H & F Engineering Company, the sum of $7,490.68 in workmen's compensation, plus medical benefits in the sum of $487.82, before the present common-law action was filed, but this fact does not enter into our decision of this case.

We are of the opinion that the request of the appellant Fischbach & Moore, Inc., for a directed verdict should have been granted.

Reversed and judgment here for the appellant.

*Kyle, Gillespie, Rodgers, and Jones, JJ.,* concur.