HARRIS *v.* GULF OIL CORPORATION, et al.

No. 42736          October 28, 1963          157 So. 2d 55

*Melvin, Melvin & Melvin,* Laurel, for appellant.

*Charles C. Richmond, Robert Taylor Carlisle,* Jackson, *Welch, Gibbes & Graves,* Laurel, for appellees.

BRADY, J.

This case is appealed from the Circuit Court of the Second District of Jones County from a verdict rendered therein in favor of the appellees, Gulf Oil Corporation and Parker Wilson, an individual. James A. Harris had filed suit against the Gulf Oil Corporation and its

agent, Parker Wilson, to recover damages for personal injuries sustained on March 20, 1958, on account of the alleged negligence of the defendants in the course of connecting a heater treater.

Appellant, James A. Harris, charged in his declaration that at the time of the injuries complained of he was an employee of Dapsco, Inc., a local oil field construction and repair business; that he had been instructed by one Parker Wilson, the foreman and supervisor for Gulf and the individual defendant in this case who was acting for and in behalf of his master, to climb upon a large metal tank, approximately forty feet in height and known as a heater treater; that the heater treater was not a safe place on which defendant could work; and that Dapsco had been instructed by Gulf to hook up the heater treater to the pipes of Gulf. Appellant further alleged that at the time of his injuries he was working on the premises of Gulf; that he was an inexperienced worker and an illiterate man and he was especially inexperienced in the erection and construction of heater treaters; that the heater treater was not fastened to the concrete base upon which it had been placed; that Gulf was exercising supervision and control of the entire operation; that the employees of Gulf saw the dangerous condition and knew they were inexperienced men in this type of work; that they permitted the operation to proceed knowing the danger; and that this and the general dangerous conditions existing around the heater treater resulted in the defendants not furnishing the plaintiff a safe place in which to work.

The appellant further charged that the base of the heater treater was unstable, and that a slick, greasy bottom caused it to topple and slip and fall. This greasy condition and the fact that it was not fastened down was known to Gulf's foreman, Parker Wilson, yet Parker Wilson ordered defendant to mount the heater treater and then directed him what work to do under these

circumstances. Appellant contends that this constituted gross negligence and was a violation of the duties owned to the plaintiff by Gulf through its agent, Parker Wilson; that these dangers were concealed and should have been communicated to appellant; that defendants wholly failed to perform said duties and responsibilities by not warning appellant; and that by sending appellant into a dangerous place and then directing the work was the proximate cause of his injuries.

Under the pleadings as reflected by the record, the two controlling issues, as made up for the jury, were substantially as follows: (1) Whether or not the heater treater at the time of the making of the connection by appellant was in a reasonably safe condition, and (2) whether Parker Wilson, as the responsible agent of Gulf, was present and personally directed the operation by the use of an unsafe and dangerous method and in an unsafe and dangerous condition. On these questions the jury found a verdict for the defendants.

The errors' urged by appellant in his appeal are these: (1) The judgment and verdict are contrary to the law of the case. (2) The judgment is contrary to and against the overwhelming weight of the competent testimony of the case. (3) The court erred in admitting testimony in reference to the Soso Oil Field Unit over the objection of plaintiff, and that this testimony was highly prejudicial to appellant. (4) The court erred in granting the appellee certain instructions. (5) The court erred in refusing appellant certain instructions.

The appellant was the only witness who testified with reference to the unsafe condition which existed at the heater treater, the dangers present there, and the control and operation exercised by appellee, Parker Wilson as superintendent of Gulf. Appellant testified in great detail substantially that the heater treater in question had been moved by Dapsco and located on the foundation in question, and that the appellee, Parker Wilson, was

present at the time it was unloaded from the truck and placed upon the foundation. He described the method used in setting the heater treater upon the concrete foundation as follows: After the heater treater had been located, the truck turned around and faced the heater treater; there was a winch on the front of the truck; Parker Wilson told him to get a cable off of the end of the truck, take the end of the cable, his tools, a block and tackle and chain and go up and connect it around the top of the heater treater.

He testified further that the heater treater was forty feet high and he went up on top of it by means of a ladder; that the lower end of the heater treater was not attached to anything and the bottom of the heater treater was covered with oil, dirt and grit about an inch thick; that Parker Wilson was present at the time the orders were given him; that the truck was located about fifteen or twenty feet away with the motor of the truck running; that the cable was at a 45-degree angle; and when force was applied, the heater treater turned over, causing the injuries to appellant.

Appellant alleges that under the direction of Parker Wilson the manner in which he worked was a grossly careless and dangerous manner which was unknown to appellant, and that the method of raising the preheater upon the heater treater was likewise a very dangerous manner in that there was no block located at the bottom of the heater treater through which the cable could pass, so that when the preheater was raised by the truck moving backward the pull would be perpendicular rather than at a 45-degree angle. He testified further that Dapsco was his employer and one Duvall was his foreman, and that he knew Dapsco was an independent contractor.

The record discloses that appellant received serious injuries and permanent injuries insofar as his wrist is concerned.

There is sharp conflict between the testimony offered by appellant and the members of the Dapsco crew with whom he worked. The members of the crew, towit, Red Duvall, Leroy Holifield, Johnny Wilson, J. W. Walters and Eugene Knight, completely dispute the statement that Dapsco moved the heater treater and located it on the foundation in question at Battery 13. Mr. Hutto, McGill's foreman, testified that two days before the accident he and his crew had moved and placed the heater treater on the new foundation on March 18. They disputed completely the presence of the appellee, Parker Wilson. They denied that Parker Wilson was ever at the site at the time the heater treater was being connected, or that he gave any orders to appellant or to any other members of the Dapsco crew. They denied the fact that Parker Wilson ordered plaintiff to go upon the heater treater, but stated that Dapsco's foreman, Duvall, ordered him to do so. They denied the fact that there was a winch on the front of the truck and that a cable was used, but assert that a manila rope was used and it was tied to the bumper of the truck. They disputed the fact that there was oil on the foundation of the heater treater or that it was unstable.

They testified further that Dapsco paid their salaries, furnished the truck and the tools, and that Dapsco's foreman, Duvall, gave the order. There were six eye witnesses including appellant to this accident, and all but appellant were in agreement that the negligence which caused the injury was solely that of Duvall, the Dapsco foreman; that he was solely responsible for the accident, and no Gulf employees were present and played no part whatsoever therein. In fact, Duvall, the foreman of Dapsco, admitted that it was his own mistake whereby appellant was injured.

Appellees further showed that Gulf had contracted with Dapsco, Inc., to connect the heater treater; that it had already been situated at the site for its location;

that Luther McGill, Inc., had moved the heater treater and placed it on the foundation, and that Dapsco did not move the heater treater or so locate it. In other words, the overwhelming weight of the evidence sustained the contention of appellees, namely: That the heater treater was in a reasonably safe condition for the purpose of connecting it to the tanks and if there was negligence which caused the injury, it was proximately caused by the acts of Dapsco, through its foreman, Duvall, in selecting a dangerous and unsafe manner of doing the connecting work.

The verdict of the jury resolved these facts as alleged by appellant against him, and the testimony overwhelmingly shows that Parker Wilson, foreman for Gulf, was not present at the time of the accident and had nothing whatsoever to do with the manner in which the heater treater was being connected. It was on the testimony of appellant that the issues of negligence were submitted to the jury.

It appears, therefore, that the court did not err in granting a judgment in favor of defendants, appellees here, since a review of the record clearly shows that the preponderance of the evidence was contrary to and against the allegations of appellant's declaration and his own testimony. The record fails to disclose any testimony with reference to the Soso Field Unit which was prejudicial to the plaintiff below. Insofar as the lower court committing error in not granting a new trial is concerned, we feel that the learned judge was correct in refusing a new trial because we fail to find any errors upon which the verdict of the jury should be set aside.

This was a well tried, hard fought case. Appellant was granted ten instructions and every theory of negligence urged by appellant in his declaration and testified to by him or his witnesses was submitted to the jury for its consideration. We feel also that an ob-

jective reading of the record conclusively shows that the judgment upon the verdict rendered by the jury is not contrary to the overwhelming weight of the competent testimony. ▆▆ ▆ We do not believe that the illiteracy or inability of the appellant to read and write is the proper criterion to determine whether or not the appellant appreciated the dangerous position in which he was placed. Moreover, the record more clearly indicates that appellant possessed ordinary intelligence.

The issue is not whether appellant was in a place of danger or whether the method used in raising the preheater was a dangerous and negligent one, but the question is, and properly so, whether the appellees had any part therein. The jury found this fact against appellant, in spite of the fact that it was clearly shown that the manner in which Duvall attempted to have the preheater raised was a dangerous one, and one calculated to cause, and which did cause, the heater treater to fall. Even the expert witnesses who testified for appellant said that if the heater treater had been wired down the method used by the foreman would have caused it to be pulled over. The negligence of Dapsco's foreman, Duvall, was never disputed. It was the negligence of appellant's own employer and his own employer's foreman which resulted in the appellant receiving adequate compensation under the Workmen's Compensation Act claimed some three and a half years prior to the time he instituted this suit asserting a third party claim against appellees.

Under these facts and circumstances, we feel that the principles announced in Gow Company v. Hunter, 175 Miss. 896, 168 So. 264, and in Clark v. Luther McGill, Inc., 240 Miss. 509, 127 So. 2d 858, have no application. In the McGill case, there was no dispute that the McGill truck driver directed the plaintiff to climb upon the structure in order to balance it. McGill owned the gin pole, the truck, the cable, and the chain which were

being used in the unloading, and McGill's truck driver was in charge of the operation. McGill's men had direct charge also of how the sub-structure was rigged up and the moving thereof, and there was no substantial evidence to show that Hurst exercised any real control over McGill's truck driver. In the case at bar, the facts are exactly opposite, therefore, the McGill case has no application.

In Gow Company v. Hunter, supra, it was the superintendent who ordered the servant Hunter on the machine. It was the superintendent who directed the release of the block and tackle which caused the injury, and it was the superintendent of the master, Gow Company, and not the superintendent of the third party. The role in the Gow case is more closely played by the foreman Duvall in the case at hand. Furthermore, the sole proximate cause of Hunter's injury was the negligence of his own master's superintendent.

In Nowell v. Harris, 219 Miss. 363, 68 So. 2d 464, the facts as existed in this case clearly distinguish it from the case at bar. In the Harris case, the foreman of Harris instructed Nowell to go to the nearby stack, to loosen the chain binder and place it around the load of lumber on the truck. Nowell undertook to follow the instructions of Harris' foreman and when he loosened the binder the stack of lumber fell upon him, causing his injuries. The foreman in this case was an employee of Harris, the owner of the premises. We fail to see the application of the rule of law as set forth in Wallace v. J. C. Penny Co., 236 Miss. 367, 109 So. 2d 876, or in Hughes v. Wright, 233 Miss. 541, 102 So. 2d 798.

In Ness Creameries v. Barthes, 170 Miss. 865, 155 So. 222, there was a question presented for the jury, but there was no evidence that there were any orders or instructions given to the decedent employee of the independent contractor either by his own foreman or by

the owner of the premises, and this case is, therefore, distinguishable from the case at bar.

A careful consideration of all the instructions discloses that they fairly and correctly announce the law applicable to the facts in the case. There does not appear to be error either in the refusal or the granting of certain instructions about which appellant complains and assigns as errors. When all the instructions are considered together, they are not conflicting and there is no valid ground upon which to find that harmful error was committed by the court below. The body of the instructions properly submitted to the jury the issues on the test of liability. Orr v. Columbus & Greenville Rwy. Co., 210 Miss. 63, 48 So. 2d 630; Phillips v. Dow Chemical Co., 151 So. 2d 199; Corban v. Skelly Oil Co., 256 F. 2d 775; Massengale v. Taylor, 150 So. 2d 859; Wade v. Shamrock Fuel & Oil Sales of La., 152 So. 2d 449; Fischbach & Moore, Inc. v. Foxworth, 152 So. 2d 714; Lancaster v. Lancaster, 213 Miss. 536, 57 So. 2d 302; Regan v. Foxworth Veneer Co., 178 Miss. 654, 174 So. 48; City of Mount Dora v. Voorhees, 115 So. 2d 586.

The appellant does not allege that the verdict of the jury was motivated by passion, prejudice or other improper influence, but predicates his complaint largely upon the fact that the verdict is contrary to the law and the evidence and is wholly unsupported by any competent testimony. We feel that these contentions are without merit, and it follows that the verdict of the jury was amply warranted by the evidence, that no prejudicial error appears in the record, and the judgment of the court below should be and it is affirmed.

Affirmed.

*Lee, P. J., and McElroy, Rodgers and Jones, JJ.,* concur.